IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN PAUL GOMEZ, | ) | |
| | ) | |
| Plaintiff *pro se*, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-868 |
| | ) | |
| OFFICER JAMES MARKLEY, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER OF COURT

AND NOW, this 13th day of January, 2011, upon consideration of *pro se* Plaintiff's "Motion Nunc Pro Tunc," (Docket No. [113]) AND Plaintiff's "Motion for Reconsideration of the Court's Entry and Order dated November 14, 2010," (Docket No. [114]), which the Court construes as a motion for reconsideration of the Court's Order dated December 14, 2010; AND Defendant's response to said filings, which the Court construes as a motion for sanctions pursuant to Federal Rule of Civil Procedure 16(f), (Docket No. [118]); and the parties' arguments made at the final pretrial conference held on January 11, 2011, IT IS HEREBY ORDERED that:

1. Defendant's motion to dismiss Plaintiff's Complaint, with prejudice, or, in the alternative, to impose monetary sanctions pursuant to Rule 16(f) is DENIED. *See Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984) (indicating the determination of whether or not to impose sanctions and the selection of an appropriate sanction is within the discretion of the district court); *see also* 3 James W. Moore et al, Moore's Federal Practice § 16.91[2][b] (3d ed. 2010) (stating that a district court need not impose a sanction under Rule 16 even after finding a violation); *see also Sampson Fire Sales, Inc. v. Oaks*, 201 F.R.D.

1

351, 354 (M.D. Pa. 2001) ("[Third] Circuit has repeatedly warned that dismissal is a drastic sanction and should be reserved for those cases where there is a clear record of … contumacious conduct by the plaintiff"); *see also Karakozova v. Univ. of Pittsburgh*, Civ. No. 09-458, 2010 U.S. Dist. LEXIS 100670, at *19-20 (W.D. Pa. Sept. 24, 2010) (demonstrating reluctance of courts in this district to find monetary sanctions as an appropriate and effective alternative when a litigant is proceeding *pro se*). Here, the Court finds that Plaintiff's relevant conduct was not willful, *see Adams v. Trs. of N.J. Brewery Employees' Pension Trust Fund*, 29 F.3d 863, 875 (3d Cir. 1994) (stating, in evaluating dismissal, courts look for "the type of willful or contumacious behavior which [is] characterized as flagrant bad faith"); *see also Kibbie v. Experian*, Civ. No. 08-1804, 2010 U.S. Dist. LEXIS 118903, at *6 (M.D. Pa. Nov. 9, 2010) ("Mere inexcusable negligent behavior is not willful."); *see also Scarborough v. Eubanks*, 747 F.2d 871, 875 (3d Cir. 1984) (finding that neither tardy nor deficient filings stem from the type of willful or contumacious behavior which can be characterized as "flagrant bad faith"), and there is no clear record of contumacious conduct, *Titus v. Mercedes Benz of N. Am.*, 695 F.2d 746, 749 (3d Cir. 1982); *cf. Smith ex rel. Ali v. Altegra Credit Co.*, Civ. No. 02-8221, 2004 U.S. Dist. LEXIS 21478, at *20-22 (E.D. Pa. Sept. 23, 2004) (finding plaintiff's refusal to attend scheduled pretrial conferences, which resulted in plaintiff's failure to attend five of the six scheduled conferences, was in bad faith). In making this determination, the Court notes that until August 2010, Plaintiff had proceeded diligently not only in the trial court but also on appeal. Moreover, Plaintiff is currently proceeding *pro se*, is married and a

father, working full time, and is presently litigating a custody dispute in Ohio. In addition, Plaintiff has repeatedly stated that he did not intend to offend the Court. As articulated by the Third Circuit, Plaintiff, as a *pro se* litigant, is worthy of greater leeway where he has not followed the technical rules of pleading and procedure. *See Tabron v. Grace*, 6 F.3d 147, 153 n.2 (3d Cir. 1993).

2. Plaintiff's Motion [113] is GRANTED, the Court having found that Plaintiff did not act willfully and that he should be afforded some leeway, *see Tabron*, *supra*.

3. To the extent Plaintiff requests reconsideration of the Court's Order dated December 14, 2010 so that the Court may consider Plaintiff's various pretrial filings, which were filed out of time and without leave of Court, Plaintiff's Motion [114] is likewise GRANTED.

4. Accordingly, the Court has accepted Plaintiff's Supplemental Pretrial Statement, (Docket No. [122]), along with his Proposed Jury Instructions, (Docket No. [119]), Proposed Stipulations, (Docket No. [120]), Proposed Verdict Slip, (Docket No. 121), and responses to Defendant's motions in limine, (Docket Nos.[117], [118]), subject to argument and objection by Defendant during the course of the final pretrial conference held on January 11, 2011. (Docket No. [123]).

Although Plaintiff is currently proceeding *pro se*, he is bound by this Court's orders, local rules, policies, and procedures, as well as the Federal Rules of Civil Procedure. In this regard, the Court is concerned that, despite previous warnings, Plaintiff has demonstrated a pattern of dilatory conduct since this matter entered the pretrial phase of this litigation. Accordingly, Plaintiff is advised that all future violations of Rule 16(f) and any future violations of the Court's

orders will result in the imposition of sanctions, including the potential dismissal of this case.

*s/ Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

cc: all counsel of record

      John Paul Gomez
      1 Ridenour Street
      Pittsburgh, PA 15205
      (by regular mail)