IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOHN PAUL GOMEZ, )
)
    Plaintiff *pro se*, )
)
v. ) Civil Action No. 07-868
)
OFFICER JAMES MARKLEY, )
)
    Defendant. )

## MEMORANDUM ORDER

This is a civil rights case brought by *pro se* Plaintiff John Paul Gomez against Defendant Officer James Markley arising from a traffic stop and subsequent search of Plaintiff's vehicle, which occurred on March 26, 2007.[1] In his Supplemental Pretrial Statement, Plaintiff claims compensatory damages of $4,700.00 resulting from alleged damage to his car, a 1995 Chevrolet Blazer. (Docket No. 122). In addition, Plaintiff claims compensatory damages for two separate fees of $150.00 allegedly associated with his car's towing and ultimate impoundment. (*Id.*). Plaintiff next claims compensatory damages for the $10.00 charge he allegedly paid to obtain a new driver's license and an additional $6.00 fee, representing the value of the Visine brand eye drops allegedly taken during the search. (*Id.*). Lastly, Plaintiff claims compensatory damages of $1,000.00, which represents his alleged cost of prosecuting this action. (*Id.*). Plaintiff presents no exhibits in support of these claims.

Presently before the Court is Defendant's motion in limine seeking to exclude the proffered evidence of Plaintiff's claims for damages and his brief in support of same.[2] (Docket

---

[1] A more detailed factual summary of the events of this case can be found in the Court's Memorandum Opinion on Defendants' Motion to Dismiss in the form of a Motion for Summary Judgment, filed on July 18, 2008, (Docket No. 51), and the Third Circuit opinion, filed on August 9, 2010, (Docket No. 60-2).

[2] Plaintiff and Defense counsel also argued the motion at the pretrial conference held on January 11, 2011.

1

Nos. 82, 83). Defendant contends that Plaintiff has no documentary evidence that supports his alleged compensatory damages and that his failure to do so violates both the Federal and local civil rules. (Docket No. 83 at 2). Defendant further contends that Plaintiff cannot demonstrate an affirmative link between Plaintiff's claimed damages and Defendant's relevant conduct. In response, Plaintiff contends that Defendant has no legal basis on which to base his motion and that he cannot ask the Court to prevent him from presenting evidence of damages at trial. (Docket Nos. 116 at 1; 117 at 1-2). To decide the instant motion, the Court focuses its analysis on the issue of evidentiary support.

"Victims of unreasonable searches or seizures may recover damages directly related to the invasion of their privacy—including (where appropriate) damages for physical injury, property damage, injury to reputation, etc."[3] *Hector v. Watt*, 235 F.3d 154, 157 (3d Cir. 2000). For claims arising under 42 U.S.C. § 1983, "the level of damages is ordinarily determined according to principles derived from the common law of torts." *Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 306 (1986); *see also Allah v. Al-Hafeez*, 226 F.3d 247, 250 (3d Cir. 2000) ("It is well settled that compensatory damages under § 1983 are governed by tort-law compensation theory."). The common law is reflected by the laws of Pennsylvania. *Blanche Road Corp. v. Bensalem Twp.*, 57 F.3d 253, 265 (3d Cir. 1995). "In Pennsylvania, the general measure of damages for permanent harm to real property is the diminution in market value attributable to the conduct, product, or instrumentality giving rise to liability, and in situations in

---

[3] In his Supplemental Pretrial Statement, Plaintiff does not claim any compensatory damages resulting from any alleged physical harm. Significantly, in order to state a claim for intentional infliction of emotional distress ("IIED") under Pennsylvania Law, a plaintiff must establish physical injury or harm." *Johnson v. Caparelli*, 625 A.2d 668, 671 (Pa. Super. Ct. 1993). In addition, in *Kazatsky v. King David Mem'l Park, Inc.*, the Pennsylvania Supreme Court, held that "at the very least, existence of the alleged emotional distress must be supported by competent medical evidence. 527 A.2d 988, 955 (Pa. 1987). For these reasons, given Plaintiff's prior failure to present sufficient evidence to establish physical harm and severe emotional distress in support of his claim for IIED, this Court previously dismissed Plaintiff's claim for intentional infliction of emotional distress, with prejudice. (Docket No. 51 at 30-31). Plaintiff did not appeal this portion of the Court's decision. (Docket No. 60-2 at n.1). Therefore, Plaintiff cannot now claim mental and/or emotional distress as damages.

which the harm is reparable, damages are assessed according to the lesser of the cost of repair or the market value of the affected property." *Pennsylvania Dep't of Gen. Servs. v. U.S. Mineral Prods. Co.*, 587 Pa. 236, 246 (Pa. 2006). Here, Plaintiff seeks recovery for alleged damages to his car. Accordingly, he must demonstrate either the cost of its repair or its market value[4] at the time of the incident.

Pursuant to Federal Rule of Civil Procedure 26, as part of the initial required disclosures, a party must provide adverse parties with "a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered." Fed. R. Civ. P. 26(a)(1)(A)(iii); *see also* W.D. Pa. R. Civ. P. 16.1(C)(1)(b) ("The pretrial statement shall include … a statement of all damages claimed, including the amount and the method of calculation of all economic damages."). Rule 26 also requires that parties "supplement and correct" initial disclosures "if the party learns that in some material respect the disclosure … is incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1). Courts have concluded that, to fulfill the initial disclosure requirement, a party must provide a computation supported by documents. *See* 6 James W. Moore et al., Moore's Federal Practice § 26.22[4][c][i] (3d ed. 2010). Thus, under Federal Rule of Civil Procedure 37, "[i]f a party fails to provide information … as required by Rule 26(a) …

---

[4] Notably, if the value of the lost property cannot easily be determined, expert testimony may be necessary to establish its value. *See Bins v. Artison*, 721 F. Supp. 1034, 1038 (E.D. Wis. 1989) (relying on expert testimony to determine the fair market value of a race car seized by a sheriff in violation of § 1983, then sold to a third party for scrap).

3

the party is not allowed to use that information … at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

Turning to the facts of this case, in this Court's estimation, Plaintiff's damages claims are not documented, in clear violation of both the Federal and Local Rules of Civil Procedure. Here, the parties engaged in informal discovery, (e.*g.*, Docket No. 28-10), and lengthy summary judgment proceedings, which included a motion hearing and the submission of numerous documents. On October 29, 2010, Plaintiff was told of his duty to produce/exchange his exhibits with Defendant. (Docket No. 72). When that did not occur, Plaintiff, by Order dated November 19, 2010, was directed to file a supplement to his original Pretrial Statement, which was to "specifically identify each document and exhibit that Plaintiff may present at trial." (Docket Nos. 101, 102). Notably, at a status conference held that same day, the Court explicitly referenced the evidentiary deficiencies in Plaintiff's damages claim and, in particular, identified that Plaintiff had, to that date, offered no documentation that supported same. (Docket No. 101). Subsequently, Plaintiff was told to bring his proposed exhibits to the preliminary pretrial conference scheduled for December 2, 2010, (*see* Docket No. 108), yet he again failed to do so. Finally, on December 23, 2010, Plaintiff submitted a Supplemental Pretrial Statement, which for the first time identified particular documents that Plaintiff intended to present as evidence. (*See* Docket No. 122 at 2). Later, at the final pretrial conference held on January 11, 2011, Plaintiff provided additional documents, which he actually exchanged with opposing counsel and the Court. (*See* Docket No. 123). However, having reviewed these documents, the Court finds that, beyond their untimeliness, none of the provided documents are related to Plaintiff's damages claims. Thus, despite ample opportunity and numerous submissions to opposing counsel and the

Court, Plaintiff has failed to satisfy the strictures of Rule 26, Local Rule 16, and this Court's Orders.

Instead, Plaintiff has submitted, at best, his estimates as to his claimed compensatory damages. He has provided no written documents which support his allegations as to: the value of his car[5]; a repair estimate, if any; the impound fee; the towing cost; the driver's license replacement fee; the price of Visine drops; or his Court costs. He has likewise submitted no evidence, e.g., check stubs, receipts or bank statements, which demonstrates that he paid any of these sums. With specific regard to Plaintiff's car, it appears that Plaintiff has taken little or no steps to support his claim by way of seeking an estimate as to the damage to his car or an appraisal of its actual value, salvage value, or otherwise. In addition, it does not appear that Plaintiff has sufficient knowledge of the value of automobiles in order to testify as to an appropriate estimate of the value at trial.

As to Plaintiff's request for $1,000.00 in costs allegedly associated with his § 1983 action, the Court notes that it is the duty of the Court, not the jury, to decide whether to award court costs. *See Collins v. Alco Parking Corp.*, 448 F.3d 652, 656-57 (3d Cir. 2006). Accordingly, even if Plaintiff had complied with the applicable rules, court costs play no part in a jury's calculation of any damages. *Id.* at 657. The Court further notes court costs are only available to a prevailing party. Thus, his request is premature. Ultimately, to the extent that Plaintiff's request for costs seeks attorney's fees, "it is well settled that *pro se* litigants are not permitted to recover attorney's fees." *Brown v. James*, Civ. No. 03-631, 2008 U.S. Dist. LEXIS 15669, at *5 (M.D. Pa. Feb. 29, 2008).

---

[5] With regard to the alleged value of Plaintiff's damaged vehicle, one court, in a separate context, has noted that "the value of a vehicle is dependent on a whole host of individualized factors including age, mileage, repair and maintenance history and accidents or damage." *Carpenter v. BMW of N. Am., Inc.*, Civ. No. 99-214, 1999 U.S. Dist. LEXIS 9272, at *14 (E.D. Pa. 1999).

For the foregoing reasons, IT IS HEREBY ORDERED that Defendant's Motion [82] is GRANTED.

IT IS FURTHER ORDERED that Plaintiff is precluded from presenting any statement, evidence, or argument at trial concerning any alleged claim of any compensatory damages.

*s/ Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

cc: all counsel of record

John Paul Gomez
1 Ridenour Street
Pittsburgh, PA 15205
(by regular mail)