IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN PAUL GOMEZ, | ) | |
| | ) | |
| Plaintiff *pro se*, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-868 |
| | ) | |
| OFFICER JAMES MARKLEY, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM ORDER**

This is a civil rights case brought by *pro se* Plaintiff John Paul Gomez against Defendant Officer James Markley arising from a traffic stop and subsequent search of Plaintiff's vehicle, which occurred on March 26, 2007.[1] Presently before the Court is Defendant's motion in limine seeking to limit and/or preclude Plaintiff from calling certain witnesses at trial and his brief in support of same. (Docket Nos. 85, 86). Defendant argues that their proposed testimony is irrelevant to the solitary issue of whether Defendant had probable cause to conduct a search of Plaintiff's vehicle for contraband, (*see* Docket No. 60-2), and/or because any anticipated testimony by these witnesses will confuse the issue and potentially mislead the jury if heard. (Docket No. 85 at 1). Specifically, Defendant seeks to limit and/or preclude the following witnesses' testimony in this case: (1) Officer Patrick Cooper, (2) Officer Joseph Yost, (3) Chief Dorsey, (4) Michael Machek, (5) Cary Jones, Esq., (6) John Gilbert, and (7) Peter Garcia. (*Id.*). In response, Plaintiff concedes that he will not call Chief Dorsey to testify; however, he disputes the preclusion of any "material witness[]." (Docket No. 117 at 3). Plaintiff states that he may call witnesses to testify if he chooses. (*Id.*). The Court heard argument on the instant motion at

---

[1] A more detailed factual summary of the events of this case can be found in the Court's Memorandum Opinion on Defendants' Motion to Dismiss in the form of a Motion for Summary Judgment, filed on July 18, 2008, (Docket No. 51), and the Third Circuit opinion, filed on August 9, 2010, (Docket No. 60-2).

the final pretrial conference held on January 11, 2011. (Docket No. 123). At said conference, Plaintiff agreed to limit his case to those witnesses listed on his Supplemental Pretrial Statement.[2] (*See* Docket Nos. 122, 123). Therefore, upon consideration of the parties' arguments, and for the following reasons, the Court finds that Defendant's arguments are well-taken and, consequently, Plaintiff shall be precluded from presenting the disputed witnesses' testimony at trial

I. **Standard of Review**

"'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. The Federal Rules of Evidence provide that "[a]ll relevant evidence is admissible, except as otherwise provided…. Evidence which is not relevant is not admissible." Fed. R. Evid. 402. Additionally, the Court can preclude relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

A trial court is afforded substantial discretion when striking a Rule 403 balance with respect to proffered evidence. *McKenna v. City of Phila.*, 582 F.3d 447, 461 (3d Cir. 2009) (noting "a trial judge's decision to admit or exclude evidence under Fed. R. Evid. 403 may not be reversed unless it is arbitrary and irrational"). As the United States Court of Appeals for the Third Circuit has summarized, under Rule 403, "otherwise relevant and admissible evidence may

---

[2] In his initial Pretrial Statement, Plaintiff lists, *inter alia*, the following persons as witnesses to be called at trial: Officer Cooper, Officer Yost, Chief Dorsey, Mr. Machek, and Ms. Jones. (Docket No. 69 at 2-3). Additionally, Plaintiff lists, *inter alia*, the following persons as witnesses he may call: Mr. Gilbert and Mr. Garcia. (*Id.* at 3). However, in his later filed supplement, Plaintiff no longer includes Officer Yost, Chief Dorsey, Mr. Machek, Ms. Jones, Mr. Gilbert, or Mr. Garcia as either witnesses or potential witnesses. (Docket No. 122 at 1-2). Instead, Plaintiff indicates his intention to call only himself, Officer Cooper, Officer Harold Purdy, and Officer Aaron Vanatta at the trial of this matter. (*Id.*).

only be excluded if the probative value of the evidence is substantially outweighed by its prejudicial effect." *United States v. Universal Rehabilitation Services (PA), Inc.*, 205 F.3d 657, 664 (3d Cir. 2000). Thus, Rule 403 recognizes that the Court must employ a cost-benefit analysis in order to determine whether or not to admit evidence. *Coleman v. Home Depot, Inc.*, 306 F.3d 1333, 1343 (3d Cir. 2002). In particular, evidence may be excluded if its probative value is not worth the problems that its admission may cause, e.g., unfair prejudice, confusion of the issues, misleading the jury, undue delay, waste of time, or needless presentation of cumulative evidence. *Id.*; *see also* Fed. R. Evid. 403. Notably, although the term "unfair prejudice" is often misstated as mere prejudice, properly applied, the prejudicial effect of admitting the evidence must rise to the level of creating an unfair advantage for one of the parties for the evidence to be excluded under Rule 403. *Coleman*, 306 F.3d at 1343 n.6.

In turn, Federal Rule of Evidence 404(b) provides that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident…." The Third Circuit applies a four-part test to determine the admissibility of Rule 404(b) evidence: (1) the evidence must have a proper purpose under Rule 404(b); (2) it must be relevant under Rule 402; (3) its probative value must outweigh its prejudicial effect under Rule 403; and (4) the district court must charge the jury to consider the evidence only for the limited purpose for which it was admitted. *Becker v. ARCO Chem. Co.*, 207 F.3d 176, 189 (3d Cir. 2000).

Evidence offered under Rule 404(b) to establish a plan or scheme, "may be admitted for the purpose of proving the defendant's commission of the subsequent act itself where that issue

is disputed." As explained by the Third Circuit in *J & R Ice Cream Corp. v. Cali. Smoothie Corp.*:

> Ordinarily, when courts speak of "common plan or scheme," they are referring to a situation in which the charged and the uncharged [acts] are parts of a single series of events. In this context, evidence that the defendant was involved in the uncharged [act] may tend to show a motive for the charged [act] and hence establish the commission of the … [act].

31 F.3d 1259, 1268-69 (3d Cir. 1994) (quoting *Government of Virgin Islands v. Pinney*, 967 F.2d 912, 916 (3d Cir. 1992)). To admit evidence as establishing a plan or scheme under Rule 404(b), "[b]oth [acts] must be part of a common or continuing scheme; the plan must encompass or include both [acts]; the [acts] must be connected, mutually dependent and interlocking…. Both [acts] must be steps toward the accomplishment of the same final goal. They are different stages of the plan." *Becker*, 207 F.3d at 197. Notably, as part of this analysis, other courts have analyzed whether the prior and contested acts were temporally proximate, involved the same actors, and were closely related. *See Meyer Chatfield Corp. v. Century Bus. Servs.*, Civ. No. 05-3673, 2010 U.S. Dist. LEXIS 83170, at *9-11 (E.D. Pa. Aug. 12, 2010).

**II. Analysis[3]**

In his written proffer of Officer Cooper as a witness a trial, Plaintiff states that Officer Cooper "will testify regarding his affidavit on record." (Docket No. 122 at 1). Officer Cooper's affidavit provides as follows.

In 1981, Officer Cooper became a police officer for the Midway Borough Police Department. (*Id.* at 1). Later, in 1992, Officer Cooper became the Borough's Chief of Police. (*Id.*). At that time, he was not aware of an enacted "Motor Vehicle Towing and Inventory

---

[3] Given Plaintiff's written concession not to call Chief Dorsey as a witness, (*see* Docket No. 117 at 3), along with Plaintiff's aforementioned oral statement at the final pretrial conference that he will abide by his Supplemental Pretrial Statement, the Court's analysis focuses solely on the proffered testimony of Officer Cooper, as it is the parties' only remaining area of disagreement with regard to Defendant's motion in limine, filed at Docket No. 85.

Policy" for the Midway Borough and believes, based on his personal knowledge, that said policy did not exist during his tenure as police chief, which concluded with his retirement in 2004. (*Id.*). Similarly, Officer Cooper also had no knowledge of an enacted "Vehicle Impound Record." (*Id.*). He did, however, have personal knowledge of the "twenty-one pages [of] rules and regulations to be followed for guidance and government of the Midway Borough Police Department," which was adopted by the Midway Borough Counsel in 1998. (*Id.* at 1-2). Said rules and regulations were signed by every police officer employed by the Borough's police department. (*Id.* at 2).

Officer Cooper's affidavit then describes multiple traffic stops that Defendant allegedly made, which involve members of Officer Cooper's family. (*Id.* at 2-4). Specifically, in June 2006, Defendant is alleged to have stopped Officer Cooper's daughter for driving over the speed limit. (*Id.* at 2). Officer Cooper was called to the scene by his child. (*Id.*). Upon his arrival, Defendant advised Officer Cooper that he was going to search the vehicle for a concealed firearm based on his perception of a booklet in the car from the Allegheny County Sheriff's Office with instructions on how to obtain a firearm. (*Id.*). Officer Cooper told Defendant that these facts were insufficient to provide probable cause, which would justify the search. (*Id.*). In response, Defendant became agitated, used profanity, and threatened to cite Officer Cooper for disorderly conduct. (*Id.*). Defendant then proceeded to search the vehicle. (*Id.* at 2-3). After two hours, and finding no firearm, Defendant cited Officer Cooper's daughter for speeding. (*Id.* at 3). Ultimately, the speeding offense was dismissed at trial, where Defendant did not appear. (*Id.*).

Subsequently, in January 2007, Defendant is then alleged to have stopped Officer Cooper's son, while driving a friend's car, for driving with an expired sticker and license plate.

(*Id.*). Officer Cooper was again summoned to the scene by his child. (*Id.*). Defendant wanted to search the vehicle for illegal drugs and presented Officer Cooper's son with a written consent form. (*Id.*). Said consent form was not signed. (*Id.*). Officer Cooper advised Defendant that he had no probable cause or justifiable reason to commence a search and that if he felt that a search of the vehicle was warranted that he should obtain a search warrant prior to commencing his search. (*Id.*). Over this objection, Defendant proceeded to search the vehicle and claimed to find a box cutter and a stem of marijuana in the vehicle. (*Id.* at 3-4).[4]

Officer Cooper's affidavit concludes with statements that since Defendant began working as a police officer for the Midway Borough Police Department, Defendant "would pull teenage residents over and unwarrantedly search their vehicles, using intimidation, coercion, police oppression, and threat[s] of sending them to jail if they [did not] comply [with his requests] to search their vehicle." (*Id.*). For this reason, Officer Cooper has voiced his concerns about Defendant's behavior during the Borough of Midway's council meetings. (*Id.*). In addition, Officer Cooper has filed criminal charges against Defendant before the Burgettstown Magistrate for official oppression and harassment. (*Id.* at 4-5).

At the pretrial conference, Plaintiff elaborated on this previous proffer. Plaintiff began by stating that Officer Cooper's testimony would challenge Defendant's credibility. Specifically, Plaintiff intends to use Officer Cooper's testimony to demonstrate that Defendant fabricated the existence of Midway Borough's inventory policy and to establish, through the use of Defendant's allegedly similar conduct with Officer Cooper's children, that Defendant searched his car without probable cause. In reply, Defendant reasserted his relevance objection

---

[4] In his motion in limine, Defendant notes that Officer Cooper's son recently pled guilty to the criminal charges that arose out of Defendant's traffic stop, which was referenced in Officer Cooper's affidavit. (Docket No. 85 at 3).

6

and added, based on Officer Cooper's affidavit, that it was clear that he was not present nor in any way involved with the traffic stop at issue in this case.

In this case, the sole theory of liability that has survived summary judgment is whether Defendant had probable cause to conduct a search of Plaintiff's vehicle for contraband.[5] (*See* Docket No. 60-2). As framed by the United States Court of Appeals for the Third Circuit's *per curiam* opinion:

> If there is probable cause to believe a vehicle contains evidence of criminal activity, an officer may search any area of the vehicle in which evidence might be found. *United States v. Ross*, 456 U.S. 798, 820-21 (1982); *see also United States v. Burton*, 288 F.3d 91, 100 (3d Cir. 2002). Probable cause requires "a fair probability that contraband or evidence of a crime will be found in a particular place," and is based on the "totality of the circumstances" available at the time of the search. *Illinois v. Gates*, 462 U.S. 213, 230, 238 (1983). "Probable cause exists where the facts and circumstances within the arresting officer's knowledge are sufficient to warrant a reasonable person to believe an offense had been committed." *See United States v. McGlory*, 968 F.2d 309, 342 (3d Cir. 1992).

*Gomez v. Markley*, 385 F. App'x 79, 82-83 (3d Cir. 2010) (not precedential). Thus, in this context, the facts germane to the liability portion of this trial are those facts available to Defendant *at the time of the search*.[6] *See Gates*, 462 U.S. at 230 (emphasis added); *see also Barna v. City of Perth Amboy*, 42 F.3d 809, 819 (3d Cir. 1994) (quoting *Beck v. Ohio*, 379 U.S. 89, 96 (1964)).

After reviewing Officer Cooper's affidavit and considering Plaintiff's proffer, this Court agrees with Defendant and finds that Officer Cooper's proposed testimony is both irrelevant and unfairly prejudicial. In making this determination, the Court notes initially that, whereas the

---

[5] In his omnibus brief in response to Defendant's motions in limine, Plaintiff appears confused as to the relationship between the existence of probable cause and the corresponding lawfulness of the resulting search. (Docket No. 117 at 3). For example, Plaintiff writes, "Defendant's notion that the Third Circuit mandate on remand is 'whether Defendant, Ofc. Markley, conducted an unlawful search of my vehicle' is simply stated erroneous. Rather, the issue before the Court is whether Officer Markley had probable cause to conduct a search of my vehicle." (*Id.*).

[6] In a separate Order, the Court ordered that the trial in this matter shall be bifurcated as follows: (1) liability of the individual Defendant, and (2) damages, if any. (Docket No. 124).

traffic stop in question occurred in 2007, Officer Cooper's affidavit clearly states that he retired as Midway Borough's Chief of Police in 2004, which is three years before this incident. (Docket No. 28-1). Indeed, he was not involved in the subject search in any way. (*Id.*). His affidavit is devoid of evidence that is probative to the issue of probable cause. (*Id.*). Plaintiff does not assert that Officer Cooper will provide testimony tailored to resolve any of the following factual disputes: (1) whether Plaintiff provided conflicting information about where he was from and/or where he lived; (2) whether Plaintiff exhibited signs of extreme nervousness; (3) whether Plaintiff had bloodshot eyes, or (4) whether a marijuana seed appeared in plain view on the driver's seat of Plaintiff's car. *See Gomez*, 385 F. App'x at 83. As previously stated, "[p]robable cause exists where the facts and circumstances within the arresting officer's knowledge are sufficient to warrant a reasonable person to believe an offense had been committed." *McGlory*, 968 F.2d at 342. The existence of probable cause depends exclusively on the facts and circumstances available to the acting officer at the time of the search. *See Gates*, 462 U.S. at 230. Further, there is no claim against the municipality that remains.[7]

To the extent Plaintiff desires to use evidence of Defendant's other acts to prove his behavior on the date in question, such use is clearly proscribed by the Federal Rules of Evidence. *See* Fed. R. Evid. 404(b). As Plaintiff has failed to demonstrate any relation between the events described in the affidavit and Plaintiff, Defendant's acts do not appear to be a plan or scheme, which would warrant their admission. *See Becker*, 207 F.3d at 197; *see also Meyer*, 2010 U.S. Dist. LEXIS 83170, at *9-11.

---

[7] Notably, Plaintiff failed to raise any argument to the Third Circuit regarding the Court's determination that the Midway Borough Police Department is not a "person" subject to potential liability under 42 U.S.C. § 1983. *See Gomez*, 385 F. App'x at 82 n.1 (citing *Laborers' Int'l Union v. Foster Wheeler Corp.*, 26 F.3d 375, 398 (3d Cir. 1994) ("An issue is waived unless a party raises it in its opening brief, and for those purposes 'a passing reference to an issue … will not suffice to bring that issue before this court.'")).

8

Finally, to the extent Officer Cooper's testimony may be relevant to, as Plaintiff alleges, Defendant's credibility, this Court finds that the probative value of said evidence is substantially outweighed by its potentially prejudicial effect. *Universal Rehabilitation Services*, 205 F.3d at 664. Indeed, the Court is concerned that allowing Plaintiff to proceed with his proffered evidence would necessitate the type of "mini-trials," which due to the risks of inefficiency and jury confusion are generally inadmissible under Rule 403. *See Hisel v. City of Clarksville*, Civ. No. 04-0924, 2007 U.S. Dist. LEXIS 19887, at *22 (Mar. 20, 2007) (noting when analyzing plaintiff's proffer of "other acts" evidence that the court's lack of knowledge as to whether the alleged conduct resulted in a conviction raised the prospect of a "mini trial" on this issue which could result in undue delay). This flies in the face of Federal Rule of Civil Procedure 1, which requires "the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

Therefore, for the foregoing reasons, IT IS HEREBY ORDERED that Defendant's Motion [85] is GRANTED.

IT IS FURTHER ORDERED that Plaintiff is precluded from presenting Officer Patrick Cooper as a witness at trial. Moreover, Plaintiff shall neither refer to nor make statements and/or arguments as to what Officer Cooper stated in his affidavit.

FINALLY, IT IS ORDERED that, given Plaintiff's written concession not to call Chief Dorsey, along with his statement that he is now adhering to his Supplemental Pretrial Statement, wherein he does not identify Officer Joseph Yost, Chief Dorsey, Michael Machek, Cary Jones, Esq., John Gilbert, or Peter Garcia as prospective witnesses, Plaintiff is similarly precluded from presenting Officer Yost, Chief Dorsey, Mr. Machek, Ms. Jones, Mr. Gilbert, and Mr. Garcia, respectively, as witnesses at trial. Likewise, Plaintiff shall neither refer to nor make statements

and/or arguments related to any and all statements made by these respective individuals within their affidavits.

*s/ Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

cc: all counsel of record

John Paul Gomez
1 Ridenour Street
Pittsburgh, PA 15205
(by regular mail)