# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN PAUL GOMEZ,<br><br>    Plaintiff,<br><br> vs.<br><br>OFFICER JAMES MARKLEY,<br><br>    Defendant. | Civil No. 07-868<br>Judge Nora Barry Fischer |

## MEMORANDUM OPINION

### I. INTRODUCTION

Pending before the Court are two related motions filed by John Paul Gomez ("Plaintiff"). Plaintiff has filed a "Motion Pursuant to the Third Circuit's L.A R 11" that the Court provide all hearing transcripts in this matter. (Docket No. [172]). Attached to this motion was a "Motion to Proceed *In Forma Pauperis*." (Docket No. [172-1]). The Court observes at the outset that the outcome of Plaintiff's motion to produce transcripts is closely tied to his motion to proceed *in forma pauperis*. Because the Court rejects Plaintiff's motion to proceed *in forma pauperis*, both motions will be DENIED.

### II. DEFENDANT'S MOTIONS

Plaintiff has moved for this Court to provide to him, at cost to the government, copies of all of the transcripts of all hearings in this matter. (Docket No. [172]). He claims that this Court's hearings after initial remand of his case from the United States Court of Appeals for the Third Circuit are "inconsistent" and "contrary" to the Third Circuit's mandate on remand. *Id.* at ¶ 2. Plaintiff claims that he cannot afford to pay for the transcription of all the hearings, *id.* at ¶ 3, and that he is therefore entitled to transcripts at the government's expense.

1

Appended to his motion for transcripts, Plaintiff has filed AO form 239, "Application to Proceed in District Court Without Prepaying Fees or Costs," which this Court construes as a Motion to Proceed *In Forma Pauperis*. *See* (Docket No. [172-1]). Within the Application, Plaintiff states that he earns approximately $2,240 per month. *Id.* at 2. His wife receives unemployment payments at the rate of $1,000 per month. *Id.* Plaintiff has four children. *Id.* at 3. Finally, Plaintiff claims that he has nearly four years of college education. *Id.* at 5.

III. ANALYSIS

The outcome of Plaintiff's motion to proceed *in forma pauperis* dictates whether Plaintiff can appropriately request a copy of the transcript at cost to the government. *See Walker v. People Exp. Airlines, Inc.*, 886 F.2d 598, 600 (3d Cir. 1989) ("By its express terms, [28 U.S.C. §] 753(f) allows litigants to receive transcripts at public expense only if they are proceeding *in forma pauperis*"). The Court therefore determines the question of whether it is appropriate to grant Plaintiff *in forma pauperis* status, or, more appropriately, partial *in forma pauperis* status.

    a. **Motion to Proceed In Forma Pauperis**

"The purpose of [28 U.S.C.] § 1915 is to provide an entré, not a barrier, to the *indigent* seeking relief in the federal court." *Souder v. McGuire*, 516 F.2d 820, 823 (3d Cir. 1975) (emphasis added). To this end, § 1915 ensures that "no citizen shall be denied an opportunity to commence, prosecute, or defend an action, civil or criminal, 'in any court of the United States' solely because his *poverty* makes it *impossible* for him to pay or secure the costs." *Adkins v. Dupont Co.*, 335 U.S. 331, 342 (1948) (emphasis added). Under Third Circuit precedent, the determination of eligibility for pauper status rests exclusively on the applicant's poverty. *Walker*, 886 F.2d at 601 n.2. In order to satisfy this test, a litigant must show that he "*cannot* because of

his poverty pay or give security for the costs and still be able to provide himself and dependents with the *necessities of life*." *Adkins*, 335 U.S. at 339 (emphasis added).

These standards also apply in instances where the litigant demonstrates that he is able to prepay certain fees and costs, but not others. *Walker*, 886 F.2d at 601. In such a situation, the litigant may be treated as seeking partial *in forma pauperis* status. For example, transcripts may be obtained at cost to the public by litigants who are granted partial *in forma pauperis* status. *Id.* "[I]n order to qualify for partial *in forma pauperis* status, [Plaintiff] must … show that he is *unable* to pay the particular cost at issue." *Id.* (emphasis added). From these precedents, it is clear that, in order to qualify for partial pauper status, a litigant must truly be unable to pay the costs or fees at issue. *See Adkins*, 335 U.S. at 339, 342.

Based on the record, this Court is of the opinion that Plaintiff has failed to establish that partial *in forma pauperis* status is appropriate. According to the Court Reporter, the Plaintiff's share of the transcript fees was $875.87.[1] This is less than half of Plaintiff's familial monthly income, and is therefore not unreasonable when compared to other rejected *in forma pauperis* motions. *See Walker*, 886 F.2d 598 (denying partial *in forma pauperis* status to party with a monthly income of $3,600 to pay costs of up to $3,360); *Prows v. Kastner*, 842 F.2d 138 (5th Cir. 1988) (requiring a prisoner with a monthly income of $185 to pay $120 and a prisoner with a monthly income of $95 to pay $60 before proceeding with lawsuit); *Rogers v. U.S.*, 248 Fed.Appx. 402, 403 (3d Cir. 2007) (vacating district court's rejection of party's motion to proceed *in forma pauperis* where filing fee was over half of the party's monthly income).

Furthermore, the Court observes that Plaintiff's application for *in forma pauperis* status states that he and his wife have a combined monthly income of $3,240. (Dkt. [172-1] at 2). Of

---

[1] This Court ordered parties to split the cost of transcription. (Docket No. 144). The Court Reporter informs the Court that Defendant has paid his share of the costs. Meanwhile, Plaintiff has failed to pay despite a letter and phone messages left by the Reporter.

this income, Plaintiff claims that he spends $200 a month on "recreation, entertainment, newspapers, magazines, etc." *Id.* at 4. He further claims that he spends $150 each month on gymnastics and cheerleading competitions for his daughter. *Id.* at 5. The Court does not believe these expenditures can be considered "necessities" within the pauper statute. *Accord Temple v. Ellerthorpe*, 586 F.Supp. 848 (D.R.I. 1984) (defining "basic human needs" as "food, shelter, clothing, health care, and the like"). Plaintiff therefore admits to spending, on average, $350 per month - over ten percent of his familial monthly income - on non-necessities.

Meanwhile, this case has been nearly four years on the docket. Plaintiff has been, or should have been, aware of the possibility of additional costs related to his litigation. Moreover, based on his own estimates, Plaintiff has spent $16,450 to date on non-necessities over the course of this litigation. With some reasonable budgeting and a slight reduction in these unnecessary expenditures, Plaintiff could pay for the requested transcripts without any financial hardship. The role of the *in forma pauperis* statute is to ensure that indigence and poverty do not interfere with the accomplishment of justice. *See Souder*, 516 F.2d at 823; *Adkins*, 335 U.S. at 342. The *in forma pauperis* statute is *not* intended to remedy, at cost to the taxpayer, a lack of fiscal responsibility on the part of a litigant.

In addition, the Court notes that Plaintiff failed to follow the Court's Order to file a proper motion to proceed *in forma pauperis*. *See* (Docket No. [157]) (ordering Plaintiff to file proper motion to proceed *in forma pauperis* by April 19, 2011). Plaintiff failed to request an enlargement and did not file a proper motion until May 3, 2011. *See* (Docket No. [172]). The Order to file a proper motion made clear that Plaintiff "remains bound by this Court's orders… Failure to abide by them may result in the imposition of sanctions, including dismissal of this case." (Docket No. [157]). Plaintiff was well aware of this Order, and failed to abide by it. The

4

Court therefore finds that, not only is Plaintiff's motion to proceed as a pauper substantively deficient, but it is also procedurally deficient for failing to comply with the Court's Order.

    b.  **Motion for Transcript**

28 U.S.C. § 753 allows a party to receive transcripts at cost to the public only where the party has satisfied the requirements for *in forma pauperis* status. *Walker*, 886 F.2d at 600. Because Plaintiff has paid other court fees, he is clearly ineligible for complete *in forma pauperis* status. Further, because the Court believes, as stated above, that Plaintiff can indeed afford to pay the specific costs or fees at issue, he is also ineligible for partial *in forma pauperis* status with respect to the requested trial transcripts. As this Court finds that Plaintiff should not be granted *in forma pauperis* status, it must also deny his motion for transcripts at cost to the public.

## IV. Conclusion

For the foregoing reasons, Defendant's Motions are DENIED. An appropriate Order follows. (Docket No. [176]).

                                                         *s/Nora Barry Fischer*
                                                         Nora Barry Fischer
                                                         United States District Judge

cc/ecf:  All counsel of record

        John Paul Gomez
        1 Ridenour Street
        Pittsburgh, PA 15205
        (Regular & Certified Mail)

Date: May 19, 2011